W. W. GUTHRIE v. NICHOLAS ANDERSON.

1. FRAUDS, *Statute of.* Section 6 of the act for the prevention of frauds and perjuries provides that "no action shall be brought whereby to charge a party . . . upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them, . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

2. WRITTEN MEMORANDUM, *Not Enforced.* If the owner of land signs a writing or memorandum, wholly executory, agreeing to convey the land therein named to W., who does not sign by himself or agent, and W. does not take possession of the land, or in any other way make part performance, W. cannot be charged in an action upon the writing or memorandum which he has not signed.

3. PART PERFORMANCE, *Insufficient.* The mere payment of a small part of the purchase-money by an alleged purchaser to the owner thereof is not a sufficient part performance to take the case out of the statute of frauds.

4. ALLEGED PURCHASER, *Not Charged.* Although a written memorandum concerning the sale of real estate, signed by the owners thereof, is wholly in the handwriting of an alleged purchaser, and his name is introduced in the body of the instrument as one of the terms or a part thereof, yet if he nowhere signs the same by himself or agent, the memorandum is not sufficient to satisfy the statute of frauds, so that he can be charged thereby.

*Error from Atchison District Court.*

ON the 10th day of July, 1888, *Nicholas Anderson* brought his action against *W. W. Guthrie*, to recover $1,800, with in-

terest thereon from the 3d day of June, 1888, for a balance of purchase-money upon the following written memorandum:

"The undersigned, husband and wife, owners in fee-simple, with title perfect and all taxes paid up to and including 1887, of lot 8, in block 39, old Atchison, city of Atchison, Kas., hereby bargain to sell the same to W. W. Guthrie at and for the price of $2,000, $200 cash in hand paid, and the other $1,800 to be paid three months from date, upon surrender of possession of said property in condition now existing and the furnishing of an abstract of title showing said property to be free and clear from all incumbrance and title perfect, and thereon to execute and deliver deed of general warranty, with usual covenants, to said W. W. Guthrie, his heirs, or assigns.

Dated Atchison, Kas., March 3, 1888.

N. ANDERSON,<br>SOPHIE ANDERSON."

Indorsed on back: "Nick Anderson and wife, lot 8, bk. 39, to W. W. Guthrie."

Trial had before the court with a jury, at the September term, 1888. Verdict for plaintiff for $1,852.50. The defendant filed his motion for a new trial, which was overruled. Judgment was entered upon the verdict in favor of the plaintiff and against the defendant. The defendant excepted, and brings the case here.

*W. W. & W. F. Guthrie*, for plaintiff in error.

*Henry Elliston*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The principal question for determination in this case is whether W. W. Guthrie, the alleged purchaser of the land or lot described in the petition, can be compelled to pay the balance claimed to be due upon the written memorandum, dated March 3, 1888, and signed, "N. Anderson" and "Sophie Anderson." It appears from the evidence that Mr. Guthrie prepared, or caused to be prepared, the memorandum. It is an executory agreement upon the part of Anderson and wife, and not a completed contract, like a deed executed and delivered. It concerns the sale of land, and is

not signed by Mr. Guthrie, but by Anderson and wife only, the owners of the lot. Soon after the signing, Guthrie paid the Andersons $200, but has never taken possession of the lot, or accepted any deed. When the Andersons were ready to tender the deed he refused the same, and also refused to take possession of the lot. Section 6 of the act for the pre-vention of frauds and perjuries provides that no action shall be brought to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memoran-dum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her authorized. The agreement or memorandum referred to in the petition, although in writing, is not signed by the party *sought to be charged in this action.* The objec-tion that the action cannot be maintained upon the writing or memorandum against Mr. Guthrie is, therefore, well taken. To hold a party, in an action upon any writing or memorandum for the sale of land, or concerning the sale of land, he must have signed or author-ized the same to be signed. The party charged in the action is the one who must have signed. It was said by this court, in *Becker v. Mason,* 30 Kas. 701, referring to contracts or memorandums for the sale of or concerning lands, that—

1. Frauds, stat-ute of.

2. Written mem-orandum, not enforced.

"It will be seen that the statute does not attempt to make parol contracts concerning real estate void, but simply provides in substance that no party shall be 'charged' upon them, un-less the contract, or some note or memorandum thereof, has been reduced to writing 'and signed by the party to be charged.' The statute merely relates to the proof of the contract—pro-viding in substance that the contract must be proved, if proved at all, by some written note or memorandum of the contract, signed by the party to be charged, which party is generally the defendant in the action. . . . The contract necessarily embraces two parties, each contracting with reference to the real estate—either of whom may be charged upon the contract, if the contract or some note or memorandum thereof is reduced to writing and signed by such party."

*Ross v. Allen,* 45 Kas. 231, was an action for specific performance against Ross, brought by Allen to compel him to pay the purchase-price of certain lots which it was alleged had been bought by him, and $100 paid thereon.   In that case, the receipt or memorandum was signed by J. M. Allen, agent. Allen was in fact the agent for his wife, Mrs. Allen, the owner of the lots.   Judgment was rendered in the district court in favor of Allen and against Ross, decreeing a specific performance of the contract, and requiring Ross to pay the balance of the purchase-price of the lots.   This court reversed the judgment for various reasons, among others, that "the memorandum is not signed by Ross, nor by anyone for him, and the omission of this essential is of itself sufficient to defeat the maintenance of the action."   If the Andersons desired that Mr. Guthrie should be charged by the writing or memorandum, they should have required him or his agent to have signed the same.   The Andersons, who signed the writing or memorandum, are bound thereby, and could not set up the statute in bar.   Mr. Guthrie is not bound, because neither he nor his agent signed, and therefore he can plead the statute.   At one time it was a serious question whether the courts would specifically execute a writing or memorandum concerning lands, where one party only was bound, that is, where only one party had signed.   It was held by some of the courts that in such a case, the writing or memorandum not being mutually binding, one party ought not to be at liberty to enforce at his pleasure an agreement which the other was not entitled to claim. But the authorities now agree that where an action is brought upon a writing or memorandum for or concerning the sale of land, if the party sought to be charged in the action signed the same by himself or agent, he is liable thereon, and he cannot successfully plead as a defense that the plaintiff has not signed. To the party sought to be charged, who has signed, the statute is no defense. (*Hawkins v. Holmes,* 1 P. Wms. 770; *Clason v. Bailey,* 14 Johns. 484–489; *Justice v. Lang,* 42 N. Y. 493; Fry, Spec. Perf., § 497; Waterman, Spec. Perf., § 239;

*Rogers v. Saunders*, 16 Me. 92; *Sams v. Fripp*, 10 Rich. Eq. 447.)

In several of the states, like Wisconsin, the statute differs from ours. In Wisconsin, and some other states, the contract is required to be subscribed by the party by whom the sale is made. Therefore the decisions in Wisconsin and the states where the statute differs from ours are not applicable. Several decisions are cited by the counsel for plaintiff below, to the effect that a parol agreement by the vendee of land to pay the purchase-price or consideration mentioned in the deed is binding although not in writing. The case of *Nutting v. Dickinson*, 8 Allen, 542, is one of those. In that case the defendant accepted the deed, thereby obtaining full title to the premises conveyed, and the contract was wholly executed upon the part of the plaintiff, who sought to recover the consideration of the deed. In such a case, the promise of the vendee is not within the statute.

"The acceptance of the deed makes it a contract in writing binding upon the grantee, just as the acceptance by a lessee of a lease in writing, signed only by the lessor, makes it a written contract binding upon such lessee; and a suit can be instituted on it, and the same rights be maintained as though it were also signed by the grantee." (*Schumaker v. Sibert*, 18 Kas. 104; Wood, Frauds, §§ 222, 223; *Worrall v. Munn*, 5 N. Y. 229; *Wilkinson v. Scott*, 17 Mass. 249; *Davenport v. Mason*, 15 id. 85.)

Where a deed or lease is executed and delivered, the seller or lessor has fully completed his part of the contract, and the purchaser or lessee has not only the written deed or lease in his possession, but also has possession or right of possession of the land deeded or leased. (See, also, *Aiken v. Nogle*, ante, p. 96.) In *Gartrell v. Stafford*, 12 Neb. 545, the action was by the vendee against the vendor for a specific performance of an alleged contract for the conveyance of real estate. The vendor, Mrs. Stafford, had signed certain letters agreeing to sell. Therefore, in that case, as has been frequently decided in other cases, she was bound, because she had signed the let-

ters or agreement and was the party to be charged. The court in that case, however, did not decide that where the vendee does not sign the writing or memorandum the vendor can enforce the writing or agreement which he has signed. The authorities are also to the effect that, where possession is taken or other part performance had by the purchaser or vendee, such acts may take the case out of the operation of the statutes. But this case does not come within that class. The mere payment of $200 by Mr. Guthrie to the owners of the lot described in the petition is not part performance. His refusal to complete the contract after paying part of the purchase-money is no fraud upon the sellers, but his loss. (Fry, Spec. Perf., § 567.)

3. Part performance, insufficient.

Upon the trial, the court charged the jury that—

"A contract for the conveyance of real estate is not binding and valid unless the same is reduced to writing or some memorandum thereof, and signed by the parties to be charged therewith. The signing of the contract, however, need not be at the end of the contract, and it need not be formal. It may be at the beginning or in the body of the contract by one party, and signed at the end by the other. Such a contract, if the insertion of the name at the beginning or in the middle or any part of the contract is intended by the party or parties as the signature of said party, then said contract would be as binding as if the signature had been made at the end of said contract, if such signing is done in a manner and under such circumstances as to authenticate the contract as the contract of such parties so signing. And in this case, if the said Guthrie so inserted his name or caused the same to be inserted in the body of the contract with the intention of binding himself thereby, and intended to be as a signature, or intending to lead the plaintiff to believe that he was bound thereby, in either case the contract would be in compliance with the statute of frauds, and would be a contract in writing signed by the party to be charged therewith. You are further charged that, if in this case you find that the defendant, W. W. Guthrie, prepared the contract, or caused the same to be prepared upon a type-writer, and caused his name to be written therein as a party to said contract, this will operate precisely the same

as if he had written the contract himself and written his own name therein."

The jury, among others, made the following special findings of fact:

"Ques. 10. Was any agreement, memorandum or note in writing of the contract, upon which plaintiff claims in this action, signed, other than by the plaintiff and his wife? Ans. Yes.

"Q. 11. If No. 10 is answered in the affirmative, then state where such signing is found to have been done and by whom and on what account? A. Such signing is found in the body of the contract, by direction of said Guthrie."

The portions of the charge of the court referred to are inapplicable to the evidence introduced, and the foregoing special findings of the jury are unsupported by the evidence. The writing or memorandum was prepared, or caused to be prepared, by Mr. Guthrie, and his name appears in the body of the instrument as the party to whom the Andersons agreed to sell. But this is not equivalent to the instrument being signed by Mr. Guthrie. The rule is stated in Wood on Frauds, § 22, p. 61, as follows:

"In all cases, the signature must be such as amounts to an acknowledgment by the party that the agreement is his; consequently, if it is not signed by him or his

4. Alleged purchaser, not charged.

agent, authorized as provided by the statute, although it is wholly in his handwriting, and his name appears in the body of the instrument, it is not sufficient to satisfy the statute."

Waterman on Specific Performance says that "when the name of the party is introduced in the body of the instrument as one of the terms of the agreement—as, in the memorandum for a lease, in the words, 'the rent to be paid to A.,' it does not amount to a signature by A."

In the case of *Caton v. Caton*, L. R., 2 H. L. 127, Lord Westbury says: "If a signature be found in an instrument incidentally only, or having relation and reference only to a portion of the instrument, the signature cannot have that legal effect and force which it must have in order to comply with

the statute, and to give authenticity to the whole of the memorandum." (See, also, Fry, Spec. Perf., §§ 503–506; *Stokes v. Moore,* 1 Cox, 219; *Hawkins v. Holmes,* 1 P. Wms. 770.) If Mr. Guthrie had signed his name at the bottom or the top or anywhere upon the memorandum after it had been written or prepared, or directed his name to be so written for acknowledgment, then it might be held that such a signature would satisfy the statute. But his name only appears (except as hereinafter referred to) in the body of the instrument as one of the terms or a part thereof; therefore the charge of the court was not only misleading but prejudicial, and the findings of the jury based thereon cannot be sustained.

Finally, it is claimed that Mr. Guthrie signed the memorandum, because in paying the $200 he gave his agent, Mr. Storch, a check which reads as follows:

"ATCHISON, KAS. March 3, 1888.
"$200. No. 17.
"United States National Bank.—Pay to Geo. Storch or order two hundred dollars.
[Signed] W. W. GUTHRIE."
Written across face: "Lot 8, block 39, O. A."

This was indorsed on the back by Geo. Storch, and delivered to the Andersons. The Andersons collected the $200 — the amount of the check. Mr. Storch was the president of the bank upon which the check was drawn. He was acting for Mr. Guthrie, and the check was payable to his order, not to the order of the Andersons. It was not a writing or memorandum to be kept or retained by the Andersons or by Storch, the payee, but it was an order or check upon Mr. Guthrie's deposit in the United States National Bank, returnable to him in the usual course of banking business, after it had been paid, when he should settle with the bank concerning his account therein. Mr. Guthrie testified about this check, as follows:

"This memorandum of 'lot 8, block 39, O. A.,' [upon the check] I put there for the purpose of identifying it; this was another party's matter, and I had drawn the check for $200 because Mr. Parker was not in the city, and to identify what it was for I put this on the face of it, and that is the reason

why it was put there; neither of the indorsements was put there for any other purpose than as a memorandum to identify the paper in any further use of it."

The signing of the check, with the words and figures "lot 8, block 39, O. A.," written across the face thereof, was not the signing of the memorandum executed by the Andersons. The words and figures seem merely to have been used to indicate to Mr. Guthrie the purpose for which he gave the check. The indorsement on the back of the written memorandum of March 3, 1888, by Mr. Guthrie was after the same had been delivered to him, and was put thereon by him when placing it among his papers or files as marks of identification — not as an acknowledgment, or as any authentication.

The judgment of the district court must be reversed, and the cause remanded.

All the Justices concurring.