48  503
67  766

## J. R. GREENLEES v. MAURICE ROCHE.

CONTRACT, *Not Within Statute of Frauds.* Where a contract for the purchase and sale of real estate is made, and the vendor executes a title-bond for the conveyance of the property to the vendee, and the vendee, with the consent of the vendor, accepts the title-bond, takes possession of the real estate, exercises acts of ownership over it, and pays a portion of the purchase-money, the vendor may afterward, when the remainder of the purchase-money becomes due, maintain an action therefor against the vendee, notwithstanding the statute of frauds. The acts of the vendor, in connection with those of the vendee, are sufficient in such a case to take the contract out of the statute of frauds, and to make it binding upon both parties.

*Error from Lane District Court.*

THE opinion states the facts.    Judgment for plaintiff, *Roche,* at the May term, 1889.    The defendant, *Greenlees,* brings the case to this court.

*B. H. Tracy,* and *C. D. Pillsbury,* for plaintiff in error.

*T. J. Womack,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Lane county on January 14, 1889, by Maurice Roche against J. R. Greenlees, to recover a judgment for $1,350, an alleged balance due on sale of certain real estate, with interest, and to sell the real estate to satisfy such judgment.    The original foundation for the action was a certain title-bond stipulating for the conveyance of such real estate by Roche to Greenlees upon certain terms and conditions, which bond was signed only by Roche.    This bond was attached to and made a part of the plaintiff's petition.    The defendant demurred to such petition upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer the court overruled; and for the reversal of this ruling the defendant, as plaintiff in error, has brought the case to this court.

The only question which has been presented, either to the court below or to this court, is, whether the petition of the plaintiff below stated facts sufficient to take the contract made by the parties for the sale and purchase of the real estate out of the statute of frauds.    The contract was of course only an executory one, relating to the purchase, sale and conveyance of certain real estate upon certain terms and conditions, and was not an executed contract of purchase and sale; and as it was signed only by the vendor, and not by the vendee, the vendor cannot maintain an action upon it against the vendee unless there are still other facts, extraneous to the contract

but taking place because thereof, which will take the contract out of the statute of frauds. (*Guthrie v. Anderson*, 47 Kas. 383; same case, 28 Pac. Rep. 164.)   The facts alleged in the plaintiff's petition, and relied on by him to take the case out of the statute of frauds, are the following: Roche, the vendor, executed the bond, signed his name to it, delivered it to the vendee, Greenlees, who accepted the same, paid the vendor $450 of the purchase-money for the property to be conveyed, accepted and received the possession of the property, exercised acts of ownership over it, placed it in the hands of several real-estate agents for sale, and agreed that if it should be sold he would execute warranty deeds to the purchasers for the premises; and he is still in the possession of the bond, holding it as a valid and existing obligation against the plaintiff, and is still in the exclusive possession of the property, exercising acts of absolute ownership over it; and all this the plaintiff as vendor permits the vendee to do, and claims only the remainder of the purchase-money and a lien upon the land therefor, and tenders to the vendee a good and sufficient warranty deed for the land, in compliance with the terms of the bond, and asks that the land shall be sold for the purpose of satisfying the remainder of the purchase-money.

Are all or any of these things sufficient as a part performance of the original contract to take the case out of the statute of frauds?   The acts of part performance must be those of the plaintiff, who in this case is the vendor. (8 Am. & Eng. Encyc. of Law, 740; Browne on Frauds, § 453.)   They need not, however, be the acts of the plaintiff alone or exclusively, but they may in some cases be his acts in connection with the acts of the defendant.   And they need not in all cases be acts of commission, but they may in some cases be acts of permission· They must, however, be acts done or permitted by the plaintiff. which he would not have done or permitted except for the contract.   The question then arises, what acts of part performance to take the case out of the statute of frauds can be attributed to the plaintiff as his acts?   For, as before stated, the exclusive acts of the defendant, independent of the plaintiff's acts, and

in and of themselves and alone, cannot be considered. The acts of the plaintiff for this purpose are these: He executed the bond to the defendant compelling himself to convey the property to the defendant whenever the defendant should comply with the conditions of the bond; and time not being of the essence of the contract, the bond is still valid and binding upon the plaintiff. He permitted the defendant to take the exclusive possession of the property under this bond and to exercise acts of absolute ownership over it from the time when the bond was first executed, which was on May 10, 1887, up to the commencement of this action, which was on January 14, 1889, and he still permits the defendant to have the exclusive possession of the property and to exercise such acts of ownership over it. All these acts were done and permitted because of the contract, and they certainly would not have been done or permitted except for the contract. They were acts for the benefit of the defendant and in derogation of the plaintiff's unquestioned right of absolute dominion over what was, when the bond was executed, his own exclusive property. This certainly was sufficient to take the contract out of the statute of frauds. (*Wharton v. Stoutenburgh*, 35 N. J. Eq. 266, 276, 277, and cases there cited; *Walker v. Owen*, 79 Mo. 563; *Steininger v. Williams*, 63 Ga. 475, 476; *Harris v. Knickerbacker*, 5 Wend. 638; *Lawrence v. Saratoga Lake Rld. Co.*, 36 Hun., 467; *Steenrod v. Railroad Co.* 27 W. Va. 1; Browne on Frauds, § 471, and cases there cited.) But if the plaintiff does not have his remedy for the remainder of the purchase-price, then what remedy has he? Or is he without remedy? He has lost the use of his property since May 10, 1887, when the bond was executed, and the defendant has had the benefit of the use thereof; and all this was under and in pursuance of the contract. Now, is the plaintiff to lose all, and is the defendant to have the benefit of all without compensation? And after the plaintiff has lost all this, how shall he regain the possession of what was formerly his property, or shall he lose that too? Must he commence an action in the nature of ejectment and prosecute it to its final termination in the courts?

Is all this a proper construction of the statute enacted for the prevention of frauds? Unless it can be held that the plaintiff may recover in this action the remainder of the purchase-money with interest, then the statute enacted for the prevention of frauds will be converted into an instrument for the fostering and protection of frauds.

The decision of the court below, overruling the defendant's demurrer to the plaintiff's petition, will be affirmed.

All the Justices concurring.