## W. W. GUTHRIE v. NICHOLAS ANDERSON.

1. FRAUDS, *Statute of.* Section 6 of the act for the prevention of frauds and perjuries provides that "no action shall be brought whereby to charge a party . . . upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them, . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

2. WRITTEN MEMORANDUM, *Not Enforced.* If the owner of land signs a writing or memorandum, wholly executory, agreeing to convey the land therein named to W., who does not sign by himself or agent,

and W. does not take possession of the land, or in any other way make part performance, W. cannot be charged in an action upon the writing or memorandum which he has not signed.

3. PART PERFORMANCE, *Insufficient.* The mere payment of a small part of the purchase-money by an alleged purchaser to the owner thereof is not a sufficient part performance to take the case out of the statute of frauds.

4. ALLEGED PURCHASER, *Not Charged.* Although a written memorandum concerning the sale of real estate, signed by the owners thereof, is wholly in the handwriting of an alleged purchaser, and his name is introduced in the body of the instrument as one of the terms or a part thereof, yet if he nowhere signs the same by himself or agent, the memorandum is not sufficient to satisfy the statute of frauds, so that he can be charged thereby.

## *Motion for Rehearing.*

THE facts sufficiently appear in the opinion herein, filed at the session of the court in July, 1892.

*Henry Elliston,* for the motion:

It was the province of the jury, in the light of all the surrounding circumstances, to determine whether Guthrie signed and caused his name to be signed to, and inserted in, the said various instruments, with intent to authenticate the same and show his connection with the transaction. *Drury v. Young,* 42 Am. Rep. 347; *Johnson v. Dodgson,* 2 M. & W. 650; Wood, Frauds, § 416. His judgment or understanding of the legal effect of the agreement is not material. One cannot escape the consequences of a mistake of law. The only question is, did he cause his name to be printed in the memorandum, or write it upon the back thereof, or sign it to the check, for the purpose of indicating to himself or any one else his connection with the transaction? The question is not, did he intend the legal consequences of his act, or did he intend to bind himself to purchase? but, did he sign, or cause his name to be signed or inserted, with intent to mark the matter as his, for any purpose? "Not what its effect was, but whether it was a written and signed statement of the contract." Fry, Stat. of Fr., § 504. "All motives, objects and purposes be-

27—49 KAS.

yond that of authenticating the paper are immaterial." Id.
506. The memorandum may be made on several sheets of
paper, one only of which is signed, if they in any way refer
to each other; or it may be made up of several signed pa-
pers, if it appear they all relate to the same subject. *Thayer
v. Luce,* 22 Ohio St. 62; *Gordon v. Avery,* 9 S. E. Rep. 486.

What element of a sufficient memorandum found in *Wise
v. Ray,* 3 G. Greene (Iowa), 430, is wanting in the one pre-
pared by Guthrie, and signed by Anderson and wife? In
*Clason v. Bailey,* 14 Johns. Ch. 486, the chancellor, speaking
for the court, says: "It is a point settled, that if the name of
a party appears in the memorandum, and is applicable to the
whole substance of the writing, and is put there by him or by
his authority, it is immaterial in what part of the instrument
the name appears, whether at the top, in the middle, or at the
bottom." If the name, W. W. Guthrie, as so placed, "is not
applicable to the whole substance of the writing," then no
possible arrangement of terms could make it applicable. *Saun-
derson v. Jackson,* 2 B. & Puller, 238; *Welford v. Beazley,* 3
Atk. 503; *Stokes v. Moore,* cited by Mr. Coxe in a note to 1
P. Wms. 771. See, also, *Penniman v. Hartshorn,* 13 Mass. 87;
1 Benj. Sales, § 262.

There is no pretense, even, that the memorandum in this
case is not complete as it stands. Guthrie challenges only its
legal sufficiency to bind him to compliance with its terms, ·
which he himself dictated to commemorate his understanding
of the agreement. It is immaterial where the signature ap-
pears. Its object is merely to authenticate the genuineness of
the document. *Lobb v. Stanley,* cited in Smith's L. C., p. 252;
Chitty, Cont. (ed. 1884) 71; *Wood v. Davis,* 82 Ill. 311;
*Drury v. Young,* 42 Am. Rep. 343; *Merritt v. Clason,* 7 Am.
Dec. 386; *McConnell v. Brillhart,* 17 Ill. 360. It is imma-
terial whether Anderson ever saw the memorandum. *Drury
v. Young,* 42 Am. Rep. 343; *Wood v. Davis,* 82 Ill. 311. The
statute does not require a contract, but simply a memorandum
of a contract.

The memorandum is sufficient if made at any time after the

agreement. 2 Gray (Mass.), 391; *Heidman v. Wolfstein*, 12 Mo. App. 366; 8 Am. & Eng. Encyc. of Law, p. 715, and cases cited. See, also, 1 Pars. Contr., § 40; Fry, Stat. of Fr., § 500.

*W. W. & W. F. Guthrie*, contra. No brief on file.

*Per Curiam:* It was stated in the original opinion handed down "that where an action is brought upon a writing or memorandum for or concerning the sale of land, if the party sought to be charged in the action signed the same by himself or agent, he is liable thereon, and he cannot successfully plead as a defense that the plaintiff has not signed." (47 Kas. 386.) Under the statute of frauds, the only signature required is that of the party against whom the contract is to be enforced. The contract is good or not at the election of the party who has not signed. In this case, it is conceded that Nicholas Anderson and Sophia, his wife, signed the written memorandum. By the effect of the decisions, the contract could have been enforced against them at the election of W. W. Guthrie, the party who did not sign.

The contention upon the motion for a rehearing is, that Guthrie signed, because his name appears in the body of the memorandum. We see no good reason to change the views heretofore expressed by this court. The authorities are not uniform as to how far the writing by the party of his name must be with the intention of signing. There is some conflict of authority on the question. If the memorandum signed by Anderson and wife had recited that "I, W. W. Guthrie, agree with N. Anderson, or N. Anderson and wife," etc., under some of the authorities the name or signature thus inserted would be considered a signing within the statute. (1 Benj. Sales, § 262.) It is not necessary that the signature of a party to a memorandum, under the statute requiring a signing, should be at the bottom or end of the memorandum, but it may be at the top, in the middle, or inserted in any other part of the paper. But in all cases the name of the

party to be charged must be affixed in such a manner as to authenticate the instrument. The signature may be by mark, initials, pencil, type-writing, print, or stamp, if the party to be charged intended by the mark, initials, pencil, print or stamp to affix the same as his signature, with the purpose to complete or authenticate the contract as his own contract, and to indicate his intention to be bound thereby. In this case, the memorandum signed by Anderson and wife recited, "the undersigned, husband and wife, owners," etc., " . . . sell the same to W. W. Guthrie, . . . and . . . to execute and deliver deed . . . to W. W. Guthrie." It was nowhere recited in the memorandum that "W. W. Guthrie has agreed" or "proposes," etc. In fact, there is no agreement anywhere in the memorandum on the part of W. W. Guthrie to do anything.

In support of the motion for a rehearing, the most important cases referred to are *Wise v. Ray*, 3 G. Greene (Iowa), 430; *Penniman v. Hartshorn*, 13 Mass. 87; and *Clason v. Bailey*, 14 Johns. Ch. 486.

In the Wise-Ray case, the written contract was signed by James Wise. In that case, Ray brought his action against Wise, who had signed the contract. He properly recovered his damages for a breach thereof.

In the Penniman-Hartshorn case, Silas Penniman wrote the body of the contract or memorandum and signed the same at the bottom thereof. Hartshorn, in his own handwriting, on the top of the contract or memorandum, signed "*Hartshorn & Arnold, of Providence.*" The writing of Hartshorn, under the circumstances, was a signing, and evidently was intended to be the signatures of Hartshorn and Arnold, the parties charged.

In the Clason-Bailey case, Clason, through his agent, Townsend, purchased of Bailey & Voorhees 3,000 bushels of rye at a dollar a bushel, payable on delivery. Thereupon a written memorandum was made by Townsend, the authorized agent of Clason, which, after giving date, read: "Bought for Isaac Clason, of Bailey & Voorhees, 3,000 bushels of

good merchantable rye," etc. Subsequently, Clason refused to receive and pay for the rye, and Bailey & Voorhees brought their action against him to recover damages. The court, in its opinion, said: "It is admitted that Clason signed this contract by the insertion of his name by his authorized agent." Of course, under such an admission, Clason, the party charged, was liable upon the memorandum.

Other cases are referred to, which are claimed to be contrary to the opinion handed down; but, after a critical examination of them, we do not think that any are exactly similar to the case decided.

The memorandum in this case seems to have been expressly written so as not to need the signature of Guthrie, and so that he could not be charged thereon.

The motion for a rehearing will be overruled.