## G. S. MORRIS *et al.* v. HORACE C. DERR.

BUYER AND SELLER — *Recovery of Partial Payment after Default.* Plaintiffs and defendant, by parol, entered into an agreement in pursuance of which the defendant and wife executed a deed to the plaintiffs for 40 acres of land for the price of $6,000. The plaintiffs paid $2,000 down, and executed two promissory notes for $2,000 each, due in 6 and 12 months respectively. The deed and notes were deposited in escrow in the First National Bank of Arkansas City, the deed to be delivered on the payment of the notes. It was also agreed that the plaintiffs should have possession of the land, which they forthwith took. After the first note matured, the time of payment on both notes was extended six months. No payment nor tender was ever made on either note. After the first note matured in accordance with the extension, the defendant retook possession of the land without resistance from the plaintiffs. The deed and notes still remained in the possession of the bank under the original arrangement. *Held*, That the mere taking possession of the land by the defendant after plaintiffs' default in payment of the note did not of itself operate as a rescission of the contract, nor give to the plaintiffs the right to recover the $2,000 paid.

*Error from Cowley District Court.*

THE parties to this action entered into a parol agreement for the purchase and sale of 40 acres of land belonging to the defendant, near Arkansas City. The price agreed on was $6,000, of which $2,000 was paid down, and the balance was to be paid in two equal installments in 6 and 12 months. The defendant and his wife executed and acknowledged a deed conveying the land to the plaintiffs. The plaintiffs executed two promissory notes, bearing 8 per cent. interest, for the deferred payments. The deed and notes were deposited in the First National Bank of Arkansas City, with instructions to deliver the deed on payment of the notes. The plaintiffs, in accordance with the agreement of the parties, then took possession of the land and harvested the crops raised thereon during the following season. These papers were executed on the 29th of March, 1887. About the time the first note became due, an agreement was made between the parties, by which the defendant was to convey to the plaintiffs 16 acres off the north side of the tract for the money already paid, and to retain the balance of the land, but the defendant's wife refused to sign the deed and this arrangement was abandoned. It was then verbally agreed between the parties that the time for payment of the notes should be extended six months. On the 9th of April, 1888, no payment having been made on either note, the defendant took possession of the land, which joined a tract on which he then resided, and has held possession ever since. The deed and notes still remain in possession of the First National Bank. This action is brought by the plaintiffs to recover the money paid. The trial court rendered a judgment for the defendant, and the plaintiffs allege error.

*Asp, Shartel & Cottingham,* and *Pollock & Love,* for plaintiffs in error.

*McDermott & Johnson,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : The pivotal question in this case is, Did taking possession of the land which was the subject of the contract between the parties by the defendant operate as a rescission of the contract? Very many authorities are cited in the brief of counsel for the plaintiffs in error, showing what acts, conduct and declarations of a party have been held to amount to a rescission. Notwithstanding the very commendable industry of counsel, none of the cases cited fit closely the facts of the one under consideration, and those that come nearest it are opposed rather than favorable to the plaintiffs' claim. At the time the contract was entered into a deed was executed by the defendant and wife conveying the lands to the plaintiffs. The plaintiffs executed two promissory notes for $2,000 each, due respectively in 6 and 12 months from date. The deed and notes were deposited in the First National Bank of Arkansas City, where they all remained at the time this suit was brought, without any change or attempted change of the terms under which they were so deposited. There was no written contract or memorandum showing the terms on which the papers were so deposited. The deed, however, evidenced the defendant's contract to convey and the notes evidenced the plaintiffs' agreement to pay for the land. Beyond this there seems to have been a parol agreement under which the plaintiffs took possession. They did not pay the first note at maturity. An agreement was then made which we shall treat as valid to extend

the time of payment on both notes for six months. After the first note had become due under the terms of the extensions, the plaintiffs still failing to pay either note, the defendant took possession of the land. The whole claim of a rescission rests on this one act. In most of the cases cited by the plaintiffs some act was done by the vendor which placed it out of his power to perform the contract, or else he had in some unequivocal manner refused to perform. Nothing of the kind appears in this case. There is nothing whatever showing, or tending to show, that the plaintiffs on payment of the money due would not have received the deed to the land; that it would not have passed to them a good title, or that on such payment the defendant would have denied them possession. He had not conveyed the title nor transferred the possession to a stranger. We think the evidence in the case fairly shows that the defendant took possession of the land under the belief that he had a right to do so because of the plaintiffs' default; that if they withheld the balance of the purchase-money he had a right to the possession of the land. The statement of the defendant on the witness-stand, commented on by counsel, amounts to no more than that he thought he had a right to keep the land and the money, too, if the plaintiffs failed to pay the balance, and that he retook possession under that claim. Whether he was right or wrong in his view of his legal rights we need not determine. We are satisfied that he did not intend to render himself liable to repay the moneys he had already received from the plaintiffs, nor to prevent the delivery of the deed on payment of the balance due. The plaintiffs claim to have been ready and able to pay the amount of their notes, but they offered no satisfactory explanation for failing to do so. No

claim is made that they ever paid or offered to pay any part of their notes. The most reasonable explanation of the transaction would seem to be that the plaintiffs did not care to complete their purchase, but themselves desired a rescission of the contract, which they were unwilling to carry out, and the return of the money they had advanced.

It is hardly necessary to consider the question whether the delivery of the deed and notes in escrow to the bank amounted to a valid contract within the statute of frauds, and whether the defendant had a right to withdraw the deed and prevent its delivery, for he did not do so, and at no time objected to delivery on payment of the balance due.

We think the plaintiffs, being clearly in default themselves and manifesting no disposition to enforce the contract, are in no position to maintain this action. If the action of the defendant in retaking possession of the land was wrongful, they have another ample remedy for all the injuries they sustained thereby.

The judgment is affirmed.

All the Justices concurring.