Yaw v. Roberts.

---

MARSELLUS YAW AND MRS. MARSELLUS YAW v. FRANK ROBERTS AND SARAH ROBERTS.

**No. 559.*** ( 58 Pac. 490.)

RESCISSION OF SALE—*Duty of Vendor.* A vendor of land seeking a rescission of his contract of sale must refund the purchase-money received by him thereunder.

Error from the Shawnee district court; Z. T. HAZEN, judge. Opinion filed October 6, 1899. Reversed.

*J. T. Ward*, for plaintiffs in error.

*Jetmore & Jetmore*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: This is an action brought by the defendants in error to rescind a contract for the sale

---

*Reversed by supreme court June 9, 1900. See 62 Kan. —, 61 Pac. 409.—REP.

of real estate upon which the defendants had paid $290 of the purchase-money and $13.33 taxes. The vendors remained in possession of the land. The facts upon which the rescission was sought are, first, that the contract or bond, not being signed by the defendants, could not be enforced against them, as held by the supreme court in the case of *Guthrie v. Anderson*, 47 Kan. 383, 28 Pac. 164, and that the defendants had refused performance; that the bond or contract had been recorded and was a cloud upon the plaintiffs' title. The principal facts were not denied by the defendants, but they alleged, as an excuse for their failure to perform, misfortunes which rendered them financially unable to do so. They did not seek to take advantage of the fact that the plaintiffs had not tendered restitution of the purchase-money and taxes by way of bar to the suit, as they might, but, alleging such payment, asked that the plaintiffs might do equity by refunding the money before rescission and cancelation were decreed, and that the decree might be made conditional thereon. The district court decreed rescission and cancelation but denied to the defendants the restitution of the purchase-money and taxes paid by them. Necessarily, the facts alleged, in order to disclose the right of rescission, are practically the same as would have been required for a specific performance, and there was an alternative prayer in the petition that the plaintiffs have a decree for specific performance for the sale of the land to pay the remainder of the purchase-money; but it was not, nor could it be, seriously contended for against the objections of the defendants. Hilliard, in his work on Vendors (paragraph b617), says:

"One party who would rescind the contract on account of the other's failure to comply with the condi-

Yaw v. Roberts.

tions, must be in no default himself; and both must be placed as they were when the contract was made."

This position is sustained by our supreme court in *Jeffers v. Forbes*, 28 Kan. 174, 182; *Bainter v. Fults*, 15 id. 323; *Bell v. Keepers*, 39 id. 105, 17 Pac. 785; *The State, ex rel., v. Williams*, 39 id. 517, 18 Pac. 727. See, also, *Armstrong v. Pierson*, 5 Iowa, 328; *Nason v. Woodward*, 16 id. 216; *Higby v. Whittaker and Burchard*, 8 Ohio, 198. If the parties by voluntary agreement had rescinded the contract, the defendants would have been entitled to recover the consideration paid by them. Defendants in error contend in opposition to this rule and in support of the judgment that this action was merely to quiet title. We cannot agree with this view of counsel. It is true that it was upon the ground that the bond, being recorded, created a cloud upon their title from which the court had jurisdiction to grant relief, but it nevertheless is true that the action is to rescind the contract and to relieve the plaintiff from all obligation thereunder. There is no question made, as we understand it, that the relief obtained by the plaintiffs was not proper relief. It is further true that the defendants were not bound to purchase the land; that the contract which plaintiffs signed could not be enforced against them. It is said again that the defendants did not show themselves to be entitled to any affirmative relief.

As we have heretofore stated, the law is that a rescission can only be decreed upon the terms that the parties are placed in the position they formerly occupied. It is further contended that the defendants, not having performed, nor offered to perform, the conditions of the bond or contract, are not entitled to recover back the money paid by them unless the plaintiffs are unable to perform the conditions of the bond on

their part.   And in support of this they cite us to
Browne on the Statute of Frauds, sections 122, 122*b*,
486 ; *Barickman v. Kuykendall*, 6 Blackf. ( Ind.) 21 ;
*Kirby v. Harrison et al.*, 2 Ohio St. 327 ; *Morris v. Derr*,
55 Kan. 569, 40 Pac. 908 ; *Gregg v. Von Phul*, 1 Wall.
( U. S.) 274.   Without a rescission, or the existence of
facts that would entitle the vendee to a rescission, this
contention is sound.   But, as we have said, had there
been a recission by mutual agreement, the purchase-
money paid could be recovered ; and where a rescission
is sought even on the ground of fraud on the part of
the defendant, he must be tendered a return of every
consideration paid by him before it can be decreed.

In *Morris v. Derr*, supra, it is said, by Mr. Justice
Allen, speaking for the court : " The pivotal question
is this case is, Did taking possession of the land which
was the subject of the contract between the parties by
the defendant operate as a rescission of the contract ? "
He then proceeds to discuss the evidence as to what
the defendant did and said upon taking possession of
the land, and concludes : " We are satisfied that he
did not intend to render himself liable to repay the
money he had already received from the plaintiffs,
nor to prevent the delivery of the deed on payment of
the balance due."   It is evident that had the court
believed the defendant by his act had rescinded the
contract, it would have sustained the plaintiff's action
to recover the consideration paid.   In the case of
*Gregg v. Von Phul*, supra, the question presented in
this case is not raised.   In *Kirby v. Harrison et al.*,
supra, the question is not decided, nor is it discussed
in the briefs of counsel nor in the opinion of the court.
A return of the purchase-money was not sought.   The
rescission was resisted upon the grounds that no notice
had been given before the suit and that a tender had

Yaw v. Roberts.            ⸱

been made on the part of the defendants.   The sub-
stance of what is said by Mr. Browne, in his work on
the Statute of Frauds, is to the effect that, before the
vendee can recover the purchase-money paid upon
contract for the purchase of land, facts must exist
which would warrant him in claiming a rescission.
Had the plaintiffs stood upon the contract the defend-
ants could not have maintained an action to recover
the money.   They were in possession ; they seek af-
firmative relief by a rescission, and the law seems to
be well settled that to obtain this relief they must re-
fund, or offer to refund, all that they received under
the contract ; that they cannot repudiate it in any case
and retain any benefits thereunder.   It is immaterial
why they seek a rescission.   It follows that the judg-
ment of the trial court is not sustained by the evidence
and is contrary to law, and the defendants' motion
for a new trial should have been allowed.

The judgment is reversed and the case remanded.

WELLS, J. (dissenting) :  It seems to me that the
effect of the foregoing opinion is, in substance, that a
person can contract for the purchase of real estate,
make a reasonable payment on it, and then, if the
venture proves a profitable one, pay the balance and
take his deed, but, if it proves otherwise, refuse to
carry out his contract and recover back all he has
paid, unless the seller is willing to allow a cloud to
remain upon the record title to his land.   I do not
think this is the law.   There is no question of rescis-
sion in this case.