H. C. WILEY, *Appellant,* v. JOHN HELLEN *et al.,*
*Appellees.*

No. 16,730.

SYLLABUS BY THE COURT.

1. CONTRACTS — *Statute of Frauds — Mutuality — Specific Performance.* The signing of a contract to convey real estate by the party to be charged in a suit for specific performance satisfies the statute of frauds; and want of mutuality in the contract because the party suing did not sign is not a defense to the action.

2. ———— *Time Not of the Essence—Abstract of Title.* The mere naming of a day on or before which a contract for the

conveyance of real estate shall be consummated does not make time of the essence of the contract, and if an abstract showing marketable title is to be produced it may be perfected, and title even may be perfected, within a reasonable time beyond the day named.

3. PRACTICE, SUPREME COURT—*Cause Remanded for Judgment on the Evidence.* At the close of the plaintiff's evidence in a suit for specific performance a demurrer to the evidence was interposed, which the court took under consideration while the trial proceeded. When both parties had rested the court reverted to the demurrer to the plaintiff's evidence and erroneously sustained it. *Held,* another trial is not necessary, and that the cause will be remanded for judgment according to the evidence.

Appeal from Lyon district court. Opinion filed December 10, 1910. Reversed.

*R. M. Hamer, W. C. Harris, F. Dumont Smith,* and *A. C. Maloy,* for the appellant.

*W. S. Kretsinger, G. W. Hurley,* and *L. B. Kellogg,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: Wiley and Knight agreed to exchange farms upon certain terms. Wiley's farm lies in Iowa, and that of Knight in Lyon county, Kansas. Knight went to Iowa to see the Wiley land, and the contract was signed there. Knight signed personally, and Wiley by an agent authorized to do so, but not in writing. The contract provided that each party was to furnish an abstract of title to his land showing merchantable title, and that the trade should be consummated on or before April 1, 1908, at the Emporia State Bank in Emporia. Wiley agreed to convey by a good and sufficient warranty deed. Knight held a bond for a deed to his land, which he agreed to assign.

On April 1 Wiley appeared at the appointed place and waited throughout the day for Knight, who did not appear. Subsequently Wiley brought suit for specific

35—83 KAN.

performance against Knight and the obligor in the bond for a deed, alleging compliance with all conditions precedent on his part and readiness and ability to perform. Knight answered by a general denial and by pleading several defenses. He alleged that Wiley's agent was not duly authorized to sign the contract, that Wiley misrepresented the character and quantity of his land, and that the contract was signed by Knight while mentally incapacitated by intoxication purposely induced by Wiley's agent.

At the trial it appeared that on April 1 Wiley had with him at the bank an abstract which disclosed that title was to come to him from the devisee and heirs of L. Schoonover, deceased, whose estate had not been finally settled. Also, the abstract showed no patent from the United States for one portion of the land, although the tract had been duly entered at the proper land office by John S. Weaver in 1851, and had passed by proper mesne conveyance from him to Schoonover. It further appeared that on April 1 Wiley had in the bank a special warranty deed from the devisee and heirs of Schoonover, blank as to the grantee, and that the bank had written authority from the grantors to fill the blank with the name of Wiley or Wiley's vendee. Wiley testified that he was ready and willing to have his own name inserted in the Schoonover deed and then execute a warranty deed to Knight. In all other respects a case for specific performance was duly established as of April 1. The proof, however, went further, in that the abstract showed the final settlement of the Schoonover estate, the required patent and title in Wiley, all before the suit was commenced.

A demurrer to the plaintiff's evidence was interposed, which the court took under consideration while the trial proceeded. The defenses to the action, except the want of written authority for Wiley's agent, were fairly disproved, and at the close of the case the court reverted to the demurrer to the plaintiff's evidence and

sustained it. Judgment was rendered for the defendants, and Wiley appeals.

The judgment is erroneous. The contract was signed by the party to be charged, which satisfies the statute of frauds. (*Becker v. Mason,* 30 Kan. 697; *Guthrie v. Anderson,* 47 Kan. 383, 386; *Guthrie v. Anderson,* 49 Kan. 416, 419.) It was not essential that the contract should be capable of enforcement against both parties at the time it was concluded (*Zelleken v. Lynch,* 80 Kan. 746), and want of mutuality because both parties did not sign is not available as a defense to a suit for specific performance brought against the party who did sign. (*Guthrie v. Anderson,* 47 Kan. 383, 386; *Schneider v. Anderson,* 75 Kan. 11, 18.) It is likely, although the point is not decided, that on April 1 the abstract failed to show a marketable title to the Iowa land because, under the circumstances, it still might be subject to appropriation for the payment of the deceased owner's debts. (*Chauncey v. Leominster,* 172 Mass. 340.) The omission to record and abstract the patent was inconsequential, and the special form of the Schoonover deed was inconsequential, because the appellant stood ready to comply with the contract by giving his own general warranty deed. But the condition of the abstract on April 1 is not now material. By failing to keep his appointment Knight waived performance on that day. (*Painter v. Fletcher,* 81 Kan. 195.) Time was not of the essence of the contract, and the appointment of a day to complete the purchase meant no more than that it should be completed within a reasonable time. (Maupin, Mark. Tit. Real Estate, p. 749.) The appellant could complete the abstract, and even his title, at any time before decree, if his adversary suffered no special injury by the delay, and none is claimed. (*Bell v. Sternberg,* 53 Kan. 571; *McNutt v. Nellans,* 82 Kan. 424, 426.)

On the trial the appellant was denied leave to amend his petition to conform to proof which it is claimed

tended to show that Knight had partially performed on his side. The materiality of the evidence to other issues in the case was not affected by the ruling, and since the appellant does not need to rely upon part performance to take the case out of the statute of frauds the error, if any was committed, is harmless now.

The parties have had what the law intends to secure to them, a full trial, and there is no occasion for another trial. Therefore the judgment is reversed and the cause is remanded with direction to overrule the demurrer to the plaintiff's evidence, and to decide the case upon all the evidence received, applying the rules of law recognized by this opinion.