No. 23,465.

F. E. Sealock and Eva Sealock, *Appellants*, v. The Krug-Robinson Auto Company, a Copartnership composed of W. W. Krug and R. R. Robinson, *Appellees* (W. W. Krug, *Cross-appellant*).

SYLLABUS BY THE COURT.

Contract For Sale of Land—*Not Signed by Party Sought to Be Charged—Contract Void Under Statute of Frauds.* The petition alleged in substance that after a trade was agreed on between a landowner and a copartnership of a farm for a stock of automobiles, a contract setting forth the terms was reduced to writing and signed by the landowner; whereupon a member of the partnership orally agreed to insert the engine numbers of the automobiles and cause the firm to execute the contract. *Held,* that the contract being one for the sale of real estate and not being signed by the party sought to be charged, he is relieved from liability under the statute of frauds.

Appeal from Smith district court; William R. Mitchell, judge. Opinion filed January 7, 1922. Reversed.

*A. W. Relihan,* and *T. D. Relihan,* both of Smith Center, for the appellants.
*Miles Elson,* of Smith Center, *Alfred Hazlett, Fulton Jack,* and *Loren H. Laughlin,* all of Beatrice, Neb., for W. W. Krug, appellee and appellant.

The opinion of the court was delivered by

West, J.: The sole question presented by the record in this case is whether or not the court properly overruled the demurrer of the defendant, Krug, to the petition. The action was brought against a Nebraska partnership, the Krug-Robinson Auto Company. The petition alleged in substance that arrangements were made to trade a lot of automobiles for a Smith county farm; that W. W. Krug and the plaintiff, F. E. Sealock, went to Smith Center and had a contract in writing drawn up which was signed by the plaintiffs. When Krug was requested to sign it he called attention to the fact that the engine numbers were not set out and that it would be necessary to have them inserted.

"That thereupon the said W. W. Krug acting for himself and the Krug-Robinson Auto Company, defendants herein, orally agreed as follows: That if the said plaintiffs would go ahead and execute a $5,000.00 mortgage on said real estate described in said articles of agreement, which are hereto attached as a part hereof and marked Exhibit 'A,' and have the abstract of title to same brought down to date and turned over to J. D. Boyle of Smith Center, Kansas, for examination, and execute a deed to said premises and place thereon the required number of revenue stamps, and place the same in the Farmers State Bank at Smith Center, Kansas, in escrow, that the said defendant, The Krug-Robinson Auto Company, would in consideration thereof, and on the following day, insert the numbers of the engines of said automobiles to be delivered in

said agreement and cause the same to be signed and delivered to the plaintiffs in the form of a binding contract valid in all respects and that the said plaintiff accepted said proposition in all its details and at once proceeded to execute their part of said contract and did in fact do all things thus required of them to do in said oral agreement, on the said 19th day of May, 1920, and the following day but that the said defendants in violation of their agreement inserted the numbers in said articles of agreement, but failed, neglected and refused to procure the contract to be executed as aforesaid."

The petition further alleged that the plaintiffs performed all the conditions and made and executed the deed; that they paid out money for stamps and commission for a loan, and hired attorneys and mechanics to inspect the automobiles and contracts, all to their damage of $527 by reason of the breach of which they had been damaged in the total sum of $4,000 profit which would have accrued to plaintiffs had such contract been executed. W. W. Krug demurred for himself, as did Robinson, and the Krug-Robinson Auto Company. The court sustained the separate demurrer of the partnership and that of Robinson, but overruled that of W. W. Krug who appeals and assigns error.

Counsel claims that the petition set forth a contract for the sale of real estate and as it was not signed by the party sought to be charged, the action cannot be maintained against him. Under the Nebraska code the partners may be sued without naming the individual members and it will be observed that neither Robinson nor Krug is named as defendant, but only the Krug-Robinson Auto Company. The question for determination is whether or not the fact that the contract prepared at Smith Center was not signed by Krug justifies sustaining his demurrer.

The plaintiffs have furnished no brief. The statute provides that no action shall be brought to charge any person upon any contract for the sale of lands—

"Unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing." (Gen. Stat. 1915, § 4889.)

What the plaintiffs allege is a verbal agreement to insert in the written contract the numbers of the engines and cause such contract to be signed and delivered to the plaintiffs in the form of a binding contract. The defendant inserted the numbers but failed to have the contract signed and for this he is sought to be charged. In a very narrow and strict sense it might be argued that the con-

tract sued on is not one for the sale of real estate but merely one to cause a certain document to be signed and delivered. But viewing the whole situation it is manifest that what the parties were doing was negotiating a trade of automobiles for a farm. The terms had been agreed on and were fully embodied in the contract which the plaintiffs had signed, but which was not signed by the defendant company. This instrument was entitled "Agreement for Sale of Real Estate," and such indeed it was. But the party now sought to be charged did not sign it. So we have the contract for the sale of real estate signed by one party who sues a party who did not sign.

But the statute simply forbids the bringing of an action to charge one who has not signed such a contract. The fact that one party has signed is not sufficient. The one sought to be charged must have signed.

Of course, the object of the statute was to prevent fraud and perjury by removing the temptation to hold parties to verbal contracts for the sale of real estate out of which contracts so many were and are inclined to escape by the avenue of perjury. Hence, in order to effectuate the object sought, it is generally if not universally held that the signing by the charging party is not sufficient and that signing by the party sought to be charged is indispensable. In *Becker v. Mason*, 30 Kan. 697, 2 Pac. 850, the contract involved was one of conveying or causing to be conveyed certain real estate belonging to plaintiff's wife, the defendant agreeing to transfer certain bank stock, and it was held that as no note or memorandum of the contract was reduced to writing or signed by either party, the defendant could not be held because of his refusal to deliver the bank stock. It was also held that although the plaintiff had agreed to deliver and execute certain promissory notes and no part of the contract was performed by either party, but afterwards the defendant offered to perform his part of the contract the infirmity of the contract in respect to the real estate vitiated the entire contract. It was said in the opinion that—

"The contract necessarily embraces two parties, each contracting with reference to the real estate—either of whom may be charged upon the contract, if the contract or some note or memorandum thereof is reduced to writing and signed by such party; but neither of whom can be charged, unless the contract or some note or memorandum thereof is reduced to writing and signed by 'the party to be charged.' The contract, note or memorandum must

in all cases be in writing; it must in all cases be signed by one of the parties, and it must in all cases be signed by the party who is eventually to be charged upon it. And this 'party' may be the owner of the real estate, or any other person contracting with reference thereto. In the present case, neither of the parties owned the real estate with reference to which they made the contract. . . . The object of the statute seems to be to require that the proof concerning contracts relating to real estate shall be in writing, and signed by the party against whom the proof is offered." (p. 701.)

. Near the close of the opinion it was said:

"The contract, as before stated, was not wholly a contract concerning real estate, but it was also a contract concerning bank stock and promissory notes. If the contract had been solely a contract concerning bank stock and promissory notes, it would be binding upon the parties and could be proved by parol evidence; but as the contract was partially concerning real estate, and as no note or memorandum was made thereof or signed by either of the parties, must the entire contract fail? It would seem from the authorities, that it must." (Citing authorities.) (p. 702. See, also, *Guthrie v. Anderson,* 49 Kan. 416, 30 Pac. 459.)

In *Wiley v. Hellen,* 83 Kan. 544, 112 Pac. 158, the converse was decided, that if the party sought to be charged signed, the party who sued need not. It was said:

"The contract was signed by the party to be charged, which satisfies the statute of frauds. (*Becker v. Mason,* 30 Kan. 697; *Guthrie v. Anderson,* 47 Kan. 383, 386; *Guthrie v. Anderson,* 49 Kan. 416, 419.) It was not essential that the contract should be capable of enforcement against both parties at the time it was concluded (*Zelleken v. Lynch,* 80 Kan. 746), and want of mutuality because both parties did not sign is not available as a defense to a suit for specific performance brought against the party who did sign." (p. 547.)

In *Stahl v. Stevenson,* 102 Kan. 844, 171 Pac. 1164, the language of the statute was said not to apply to contracts which in any way concern real estate, notwithstanding any inference which might be drawn from the use of the language in *Becker v. Mason.* But here, the contract was not merely concerning real estate, but one for the actual sale of certain described land.

"Thus, according to the great weight of authority, the fact that the memorandum, in case of a contract for the sale of either goods or land, is signed by the seller or vendor, who is the party seeking to enforce the agreement, is insufficient; it must also be signed by the buyer or vendee against whom it is sought to be enforced." (25 R. C. L. 669.)

"In reference to contracts for the sale of land it is generally held, as in other agreements within the statute of frauds, that the party not signing the memorandum is not bound; but that the only signature required is that of the party against whom the contract is sought to be enforced." (20 Cyc. 273.)

(*Harper v. Goldschmidt,* 156 Cal. 245. See, also, note in 28 L. R. A., n. s., 689; *Houser v. Hobart,* 22 Idaho, 735, Note, 43 L. R. A., n. s., 410.)

The order overruling the demurrer of the defendant, Krug, is reversed and the cause remanded with directions to enter judgment in his favor for costs.