AIRLINES REPORTING CORPORATION, Plaintiff,

v.

TRAVEL SERVICES CLEARINGHOUSE d/b/a Transaction Travel Services and Michael D. Webb, Defendants.

Civ. A. No. 90–2227–V.

United States District Court, D. Kansas.

Nov. 12, 1991.

---

R. Michael Steele, Sherman, Taff & Bangert, P.C., Leawood, Kan., Richard A. Cooter, Alexandria, Va., for plaintiff.

Michael D. Webb, Olathe, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Airlines Reporting Corporation sued defendants Travel Services Clearinghouse, d/b/a Transaction Travel Services ("TSC"), and Michael D. Webb to recover an alleged indebtedness arising out of an Agent Reporting Agreement. Plaintiff's action against defendant Webb was based on a personal guaranty that he purportedly executed on behalf of defendant TSC. On September 19, 1991, plaintiff's claim against defendant Webb was tried to the court. At the conclusion of trial, the court ruled in favor of defendant Webb and

against plaintiff. At the same time, the court entered default judgment in favor of plaintiff and against defendant TSC in the amount of $506,917.33. Pursuant to Fed. R.Civ.P. 52(a), this memorandum and order memorializes the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff is a Delaware corporation with its principal place of business at Washington, D.C. Plaintiff is an agency of a number of air carriers, and in that capacity provides services related to: the control, distribution, and processing of airline tickets; the maintenance of a list of eligible recipients of such tickets; and the processing and settlement of airline ticket transactions.

2. Defendant TSC is a defunct Kansas corporation that had its principal place of business in Kansas. Defendant TSC was a travel agency.

3. Defendant Webb is a Kansas citizen. At all relevant times, he was a director and officer of defendant TSC.

4. In January, 1986, plaintiff and defendant TSC entered into an agreement whereby plaintiff became a travel agency authorized to order and receive airline tickets from plaintiff and to sell such tickets to the general public. According to the agreement, defendant TSC became obliged to report to, and pay, plaintiff on a weekly basis for those airline tickets ordered, received, and used by it during the preceding week.

5. In August, 1986, plaintiff declared defendant TSC to be in default on the agreement. At the time, defendant TSC owed plaintiff $20,000 for airline tickets it had sold. By certified mail, plaintiff notified defendant TSC of the default.

6. Lloyd South, manager of financial recovery for plaintiff, testified that a travel agency may apply for reinstatement once it defaults on its agreement. Mr. South testified that, to be reinstated, a travel agency must do two things: (1) cure the default within thirty days of notice of the default, and (2) have its owners or officers issue a

personal guaranty on its behalf. The rules governing reinstatement are set forth in the Agent Reporting Agreement, Industry Agents' Handbook.

7. Upon receiving notice of the default, defendant TSC promptly paid $20,000 to plaintiff to cure the default. Defendant TSC also mailed to plaintiff the Personal Guarantee of Performance which plaintiff had provided to defendant TSC to obtain defendant Webb's guaranty. The purpose of the guaranty was to protect plaintiff by having defendant Webb, an officer of defendant TSC, personally guaranty the payment of all indebtedness, liabilities, or obligations incurred by defendant TSC arising out of its agreement with plaintiff.

8. At the end of the guaranty at issue are two lines. Under the first line appears "(Guarantor)." Under the second line appears "(Print name of guarantor)." Handprinted above the second line is "Michael D. Webb." Nothing appears above the first line. Defendant Webb testified that he was sure that he did not print his name on the second line and that any handwriting on the guaranty was not his.

■ 9. At trial, plaintiff called Robert H. Burnup, a handwriting expert. Mr. Burnup testified that, from exemplars of handwriting provided to him by defendant Webb, it was his opinion that the handwriting on the guaranty was defendant Webb's. Defendant Webb presented no evidence to contradict this. Thus, the court finds, from the credible evidence, that defendant Webb printed the "Michael D. Webb" appearing on the guaranty at issue.

10. Because defendant TSC had cured its default and had purportedly given plaintiff a guaranty for any indebtedness, plaintiff reinstated defendant TSC as an eligible travel agency.

11. In late 1986, defendant TSC defaulted on its agreement with plaintiff a second time. On January 7, 1987, plaintiff issued another declaration of default against defendant TSC. Defendant TSC never cured this default, and was eventually terminated as an authorized travel agency. Plaintiff ascertained that defendant TSC owed it $517,917.53 under the agreement. The sum has never been repaid.

12. On June 20, 1990, plaintiff filed this action to recover from defendant TSC the $517,917.53 owed it under the Agency Reporting Agreement, and to recover from defendant Webb the indebtedness of defendant TSC on the personal guaranty that he had purportedly executed on behalf of defendant TSC. On September 19, 1991, the action was tried to the court.

## CONCLUSIONS OF LAW

1. Subject matter jurisdiction exists over this action because the parties are citizens of different states and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332. The court has personal jurisdiction over defendants and venue is proper in this district. The case is properly before the court.

■ 2. The single issue of law that this action presents is whether defendant Webb's handprinted "Michael D. Webb," which appears on the second line at the end of the guaranty at issue, operates as his signature. The court concludes that it does not.

3. Under the Kansas statute of frauds:
No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another ... unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing.

K.S.A. 33–106. Thus, under the Kansas statute of frauds, if defendant Webb did not sign the Personal Guarantee of Performance, he cannot be sued for the indebtedness of defendant TSC.

4. In *Guthrie v. Anderson,* 47 Kan. 383, 28 P. 164 (1891) the Kansas Supreme Court, in a case concerning the signature of a party under the statute of frauds, held:
Although a written memorandum concerning the sale of real estate, signed by

the owners thereof, if wholly in the handwriting of an alleged purchaser, and his name is introduced in the body of the instrument as one of the terms or a part thereof, yet if he nowhere signs the same by himself or agent, the memorandum is not sufficient to satisfy the statute of frauds, so that he can be charged thereby.

*Id.* at Syl. ¶ 4. The court concludes, on this basis, that the printed "Michael D. Webb" appearing on the second line of the guaranty in question, although put there by defendant Webb, does not operate as his signature under the statute of frauds. *See id.*

■ 5. The court rejects plaintiff's argument that the Uniform Commercial Code ("UCC") definition of signature applies to this case. Plaintiff argues that, under the UCC, the handwritten "Michael D. Webb" operates as defendant Webb's signature. The UCC definition provides:

"Signed" includes any symbol executed or adopted by a party with present intention to authenticate a writing.

K.S.A. 84–1–201(39); *see Southwest Engineering Co. v. Martin Tractor Co.*, 205 Kan. 684, 473 P.2d 18 (1970) (in a contract for the sale of goods a printed name operates as a signature under the UCC). However, this case does not involve the sale of goods, or any other transaction governed by the UCC. Plaintiff's argument, thus, is inapposite. Moreover, the Kansas Supreme Court held in *In re Reed*, 229 Kan. 431, 625 P.2d 447 (1981), that the UCC definition of signature was inapplicable to wills. The court concludes by analogy, noting that guaranties are strictly construed, that the UCC definition of signature is inapplicable to guaranties under the statute of frauds.

6. Finally, the court recognizes that defendant Webb was required to do two things on the guaranty at issue. First, he was to print his name as signatory of the guaranty. Second, he was to sign his name. He printed his name, but he did not sign the guaranty. Therefore, under the statute of frauds he cannot be charged on the guaranty. K.S.A. 33–106. Thus, de-

fendant Webb is entitled to judgment in his favor.

■ 7. Defendant TSC is presently in default. It has neither answered nor appeared in this action. Accordingly, default judgment is entered against it in the full amount of plaintiff's claim, $506,917.53.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Michael D. Webb is entitled to judgment in his favor and against plaintiff Airlines Reporting Corporation.

IT IS FURTHER ORDERED that defendant Travel Services Clearinghouse d/b/a Transaction Travel Services is in default and that plaintiff Airlines Reporting Corporation is entitled to judgment in its favor against said defendant in the amount of $506,917.53.

IT IS FURTHER ORDERED that defendants' counterclaims are dismissed.

IT IS SO ORDERED.