J. M. FREDERICK v. SKELTON BIRKETT.

LAND — *Sale* — *Tender of Deed* — *No Recovery of Payment Made.*  Where a purchaser of land refuses to accept a warranty deed for the land purchased when tendered by the vendor, solely on the ground that the vendor has not a good title, or that the deed is not in proper form, and subsequently brings an action to recover a payment made by him upon the land, but makes no reference therein to any lien or incumbrance for taxes, if the defects alleged do not exist he ought not to recover because a small amount of taxes was not paid upon the land at the time the deed was tendered, when it appears that prior to the commencement of his action for the recovery of the payment the taxes had been discharged.

*Error from Greenwood District Court.*

ACTION by *Birkett* against *Frederick*, to recover damages for the breach of a bond to convey certain lands.   Trial at the August Term, 1885, and judgment for plaintiff for $1,828.10 damages, with $26.25 interest, and for costs.   The defendant brings the case here.   The facts are substantially stated in the opinion.

*D. B. Fuller,* and *C. N. Sterry,* for plaintiff in error.

*E. B. Peyton,* and *John V. Sanders,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On March 25, 1882, J. M. Frederick and wife executed and delivered to Skelton Birkett a bond for a deed of

three hundred and fifty-one acres of land in Greenwood county, in this state; the bond was of the penal sum of eight thousand five hundred dollars, and was conditioned that Frederick and wife should execute and deliver to Birkett, on or before March 1, 1883, "a good and sufficient warranty deed, conveying an absolute and indefeasible estate in fee simple, with the usual covenants, in and to said tract and parcel of land." The consideration expressed in the bond was fifteen hundred dollars in cash, to be paid upon its execution, and eight thousand five hundred dollars to be paid on March 1, 1883. By the agreement of the parties, the deed was to be deposited in the Eureka Bank, at Eureka, in this state, to be delivered to Birkett upon his payment of the remainder of the purchase-money. In February, 1883, Frederick and wife executed a warranty deed for the conveyance of the premises to Birkett, and deposited the same in the Eureka Bank, together with the note of Birkett for the remainder of the purchase-money, with instructions to deliver the deed upon the payment of the note. On March 5, 1883, Birkett and his attorney met Frederick and his attorney, and there was some talk between them about the residue of the purchase-money. At this time Frederick offered to accept the money and deliver the deed he had executed. Birkett refused to do this, claiming that the deed was not good, and that Frederick did not have a good title.

Subsequently, Birkett brought his action in the district court of Greenwood county to recover fifteen hundred dollars as damages, with interest thereon at seven per cent. from March 25, 1882; and alleged in his petition that at the execution of the written bond the defendants did not have an absolute and indefeasible estate in fee simple to the lands therein described, and that they had not since that time acquired such estate and title.

Trial was had before the court with a jury, which resulted in a judgment in favor of Birkett for the sum of $1,500, with interest and costs. Complaint is made of the rendition of this judgment. Upon the trial it was shown on the part of Birkett

that, after the execution of the bond, taxes to the amount of about seventy dollars had been levied upon the premises. These taxes were alleged to be an incumbrance upon the land, and therefore that Birkett was not required to accept the conveyance tendered him. The court instructed the jury as follows:

"Taxes assessed against real estate for any year become a lien on said real estate on the first day of November of that year. If one-half of the taxes due and payable in any year are paid on or before December 20 of that year, then the other one-half is not due and payable until the following June; but if the first one-half is not paid on or before December 20, then the whole amount becomes due and payable, with five per cent. added as penalty, and the whole amount becomes a lien on said land. If there was a tax lien on the lands in controversy at the time plaintiff demanded a deed from the defendant, then the plaintiff was not bound to accept a deed while said lien remained on the land; and in such case you will find for the plaintiff."

We think these instructions under the circumstances of this case, erroneous and misleading. Birkett was not put in possession of the land after the execution of the bond, and as that instrument required Frederick to execute a good and sufficient warranty deed, conveying the premises to Birkett in fee simple, with the usual covenants of title, on March 1, 1883, all taxes levied prior to that date must fall upon Frederick, and not upon Birkett. But it appears, by the findings of the jury, that Birkett never tendered, nor paid to the defendants, on or before March 1, 1883, the remainder of the purchase-money; and that he did not, on or before that day, demand or request a conveyance of the land under the terms of the bond. Further, that when Frederick deposited his deed, and offered to deliver the same upon the payment of the residue of the purchase-money, nothing whatever was said by Birkett concerning the unpaid taxes, and no objection was made to the acceptance of the deed therefor. The refusal was based upon the ground that the deed was not good, and that Frederick did not have a good title. If Birkett had objected to the deed because of

the tax incumbrance, Frederick would have undoubtedly paid the same and released the lien.

Subsequently, and on June 16, 1883, all the taxes and the penalties were paid. This action was not brought until after that date. The petition did not refer to the unpaid taxes, nor make any reference whatever to the alleged incumbrance therefor. This incumbrance was removed before this action was commenced, and long before the trial. At the time the action was commenced there was no tax lien or incumbrance against the land; and upon the facts disclosed upon the trial, the taxes should have been wholly omitted from the instructions, and also from the consideration of the jury. Indeed, a careful perusal of the whole record convinces us that the objection to the deed on account of the failure of Frederick to pay the taxes of 1882 was an afterthought, not contemplated when Birkett talked about making a tender of the remainder of the purchase-money, nor even considered at the time he commenced this action to recover damages. If Birkett declined to complete his purchase upon the ground that Frederick did not have any title, or that his deed was not in proper form, and if these alleged defects did not exist, in an action to recover a payment made he ought not to succeed because certain taxes were not paid, when it appears that prior to the commencement of his action these taxes had been discharged. (*Bell v. Wright*, 31 Kas. 236; *Welch v. Dutton*, 79 Ill. 465; *Ashbaugh v. Murphy*, 90 id. 182.)

It is a rule of equity to decree a specific execution of a contract for the sale of land on the application of the vendor, if the latter is able to make a good title, at any time before the decree is pronounced; therefore if Frederick within a reasonable time after March 1, 1883, had sued Birkett for a specific performance of the contract, he could have recovered if he had established his own title, and showed that he had discharged the taxes alleged to have been an incumbrance. Again, it appears that the third finding of fact of the jury is not only contrary to the evidence, but not sustained by any testimony. Frederick deposited with the Eureka Bank a

warranty deed, with the usual covenants, for the land in controversy, before March 1, 1883, according to the terms of the bond, and was ready to deliver it to Birkett at any time, upon the payment of the remainder of the purchase-money.

There is considerable discussion in the briefs of the omission of the court to charge the jury that Frederick had obtained title by adverse possession under the statute of limitations, but no instruction embracing this point was requested; so we shall make no comment thereon.

The judgment of the district court will be reversed, and the cause will be remanded for a new trial.

All the Justices concurring.