JOHN L. BELL v. FRANK STERNBERG.

SALE OF LAND—*Rescission—Delay in Performance by Vendor.* A vendor of real estate who has executed a title bond agreeing to convey land, which is subject to a mortgage, for the payment of which a third party is primarily liable, of which the vendee has notice, and which is not due for more than a year after the time when a deed is due under the contract, being sued by the vendee to recover the purchase money paid, will be allowed to perfect his title within a reasonable time, and, having acted with due diligence, so perfected it, and tendered a proper conveyance thereof, even after suit brought but before trial, and no special damage having resulted to the vendee, is entitled to a judgment.

*Error from Ellsworth District Court.*

THE opinion herein, filed June 9, 1894, states the nature of the action and the material facts.

*Ira E. Lloyd,* for plaintiff in error.

*Theodore Sternberg,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by Bell, as plaintiff, to recover from Sternberg the purchase price of block 16, in Getty & Larkin's addition to the city of Ellsworth. The defendant, on the 31st of May, 1887, executed a written contract, by which he agreed, on payment of $950, on or before the 31st day of May, 1888, to convey said land by a good and sufficient warranty deed. The purchase money was all paid by the plaintiff, but not on the very day it was due. The block of ground was subject, in common with the balance of the quarter section in which it was located, to a mortgage for $5,000 to one Rumsey, a resident of the dominion of Canada, which did not become due by its terms until January, 1890. The last of the purchase money was paid about the 18th of June, 1888, and at that time a deed was requested. On the 5th day of January, 1889, a deed was demanded, and on the 7th of the same month the plaintiff gave defendant until the next day to execute and deliver a deed. On that day, Sternberg tendered a deed, but the land was still subject to an incumbrance of $2,800. This suit was commenced on January 15, 1889. About the 17th of February following, the defendant obtained a release of the Rumsey mortgage, cleared up all tax liens on the property, and tendered to the plaintiff, before the trial of this action, a deed conveying a perfect title to the block. The jury rendered a general verdict in favor of the defendant, and also made special findings, submitted by each party, from which the facts stated are gathered.

The plaintiff's contention is, that he had a complete and

perfect cause of action at the time his petition was filed, which could not be defeated by any act of the defendant thereafter. It is conceded that time was not expressly made of the essence of the contract between the parties. The plaintiff himself did not pay on the day the last payment was due. It is conceded that either party was entitled to a reasonable time in which to comply with his contract. The only question presented, therefore, is, whether the deed conveying a valid title was offered within a reasonable time. The jury find that the plaintiff, when he made the purchase, knew of the existence of the Rumsey mortgage. They also find that he sustained no special damage by reason of any delay on the part of Sternberg in perfecting the title. There is nothing in the record tending to show a disposition on the part of Sternberg to evade his contract. The Rumsey mortgage, being one which he was not primarily under obligation to pay, and not being due, it was not reasonable for Bell, who bought with knowledge of the existence of this mortgage, to insist on Sternberg obtaining a discharge of the mortgage before it became due. Counsel for the plaintiff in error insists on a strict legal right to a rescission of the contract. Courts of equity are averse to forfeitures, and seek to do substantial justice rather than to require strict and technical performance of the letter of the contract. The case of *Kimball v. Bell*, 47 Kas. 757, also, on a rehearing, 49 id. 174, related to property covered by this same mortgage, but in that case it appeared that no release had been obtained up to the time of trial. The only evidence offered with reference to discharge of the mortgage was of mere attempts to obtain one. There was no pretense of an actual release, and the decision in that case is based specifically on the ground that the defendant, at the time of the trial, was not in a position to make a good title. In 2 Story, Eq. Jur., § 777, it is said:

"Courts of equity will also relieve the party vendor by decreeing a specific performance, where he had been unable to comply with his contract according to the terms of it, from the state of his title at the time, if he comes within reason-

able time, and the defect is cured. So, if there has been no unnecessary delay, courts of equity will sometimes decree a specific performance in favor of the vendor, although he is unable to make a good title at the time when the bill is brought, if he is in a condition to make such a title at or before the time of the decree." (*Hepburn v. Dunlop*, 1 Wheat. 179; *Dresel v. Jordan*, 104 Mass. 407; *Cook v. Bean*, 17 Ind. 504; *Christian v. Cabell*, 22 Gratt. 82; *Wood v. Machu*, 5 Hare, 158.)

When the demand was made, on January 5, for the deed, we do not think an extension to the 8th a sufficient time to enable the defendant to perfect his title. The jury finds that it was perfected on February 17. In view of the fact that the Rumsey mortgage was not even then due, we think the defendant acted with due diligence, and, as the plaintiff suffered no special damage by the delay, the verdict of the jury and the judgment of the court appear to be in accordance with equity.

Judgment is affirmed.

All the Justices concurring.