THE MONARCH PORTLAND CEMENT COMPANY, *Appellant*, v. ALLEN WASHBURN, *Appellee*.

No. 18,247.

THE MONARCH PORTLAND CEMENT COMPANY, *Appellant*, v. ALLEN WASHBURN et al. (THE CUNNINGHAM STATE BANK, *Appellee*).

No. 18,246.

SYLLABUS BY THE COURT.

1. PLEADING—*Specific Performance—Petition Sufficient.* A petition by a vendor of real estate for specific performance of a contract of sale is examined and held to state a cause of action.

2. ———— *Contract—"Earnest Money"—Breach—Damages—Petition Sufficient.* A contract for the sale of land recited that a check for $500, as earnest money, payable to the vendor, was deposited in a bank with the contract, leaving a balance of $9500 to be paid, and the party of the second part agreed to pay cash on delivery of deed and abstract. The contract, signed by an agent, was to become effective only on approval of his principal. This approval was given a few days after the deposit, and thereupon a demand was made on the bank for the check, which was refused. The check having been given as earnest money, was payable when the contract was approved, and a petition for damages against the bank for refusal to deliver it stated a cause of action.

Appeals from Kingman district court. Opinion filed June 7, 1913. Reversed.

*William Keith*, of Wichita, and *S. S. Alexander*, of Kingman, for the appellant.

*George L. Hay*, and *L. F. Walter*, both of Kingman, for the appellees.

The opinion of the court was delivered by

BENSON, J.: These appeals relate to the same trans-
action. The question for decision is whether demurrers
to the petitions were erroneously sustained.

The principal action is for specific performance of
an agreement to purchase land. The other is for dam-
ages against the bank as custodian of a check given as
an advance payment made upon the land. An action
was first brought against the vendee and custodian
jointly. Afterwards a separate action was instituted
against the vendee and he was dismissed from the first
suit.

The petition in the last action sets out a written con-
tract dated November 18, 1910, wherein the vendor,
the cement company, party of the first part, does—

"Hereby sell to party of the second part for the
consideration of Ten Thousand Dollars ($10,000.00)
lands described (then follows description containing
200 acres more or less).

"Party of the second part does herewith deposit a
certified check for Five Hundred Dollars ($500.00) as
earnest money payable to The Monarch Portland Ce-
ment Company the receipt of which is hereby acknowl-
edged to be placed with this contract in escrow in the
Cunningham State Bank, leaving a balance of Nine
Thousand and Five Hundred Dollars ($9,500.00).
Party of the second part agrees to pay cash on delivery
of deed and abstract showing a good and merchantable
title. . . .

"The above sale is subject to the approval of the
Monarch Portland Cement Company of Humboldt,
Kansas. In event this contract is not approved by the
Monarch Portland Cement Company the five hundred
dollars ($500.00) check above mentioned is to be de-
livered to the party of the second part and this contract
to be null and void."

The contract is signed by Washburn, the vendee, and
by an agent for the vendor. The petition alleges that
a certified check for $500, payable to the plaintiff, was
deposited in the bank with the contract, as earnest

money, as provided in the agreement, and that on November 22 the plaintiff approved the contract and notified the defendants that he had done so; that pursuant to the contract, the plaintiff on December 19 executed its deed of conveyance and placed it in the bank for delivery, and in due time performed all the conditions of the agreement; that on January 24, 1911, the plaintiff tendered the deed and an abstract showing a full merchantable title, to the defendant, with a release of mortgages on the land, offered to pay any taxes which might be due and to cause the necessary entries to be made upon the abstract to show the land free of all encumbrances; but that the defendant refused to accept the deed, refused to perform the agreement, and stated that he would have nothing further to do with it. In a letter written on November 22, 1910, attached to the petition, referring to a previous telegram of approval, the secretary of the company said:

"I . . . note that we are to receive $50.00 per acre for this land, of which $500.00 has already been paid into the Cunningham State Bank, as earnest money and the balance $9500.00 will be available on the delivery of the deed and abstract, showing good merchantable title. . . .

"There are two mortgages involved in these transactions, both given by A. H. Nossaman to The Warren Mortgage Company of Emporia, Kansas; one is for $4000.00 . . . and the other one is for $3000.00. . . . Each of these mortgages is dated October 29, 1906, and will both be due on the 1st day of November, 1911, and each draws interest at 5 per cent.

"We have already taken up the commission mortgages, and I am writing the mortgage company to-day to ascertain whether or not we can arrange for the release of the land which we are now selling, and upon what terms, etc. The interest was made payable yearly in both instances and we have just paid the interest for 1910, (November 1) which leaves the matter in bad shape in that respect, provided the mortgage Company are not disposed to accommodate us."

In support of the demurrer it is contended that the petition and abstract disclosed encumbrances on the land, and therefore the petition failed to state a cause of action upon the contract, which required an abstract showing a good merchantable title. It is argued that a tender of the release and offer to pay any taxes that might be due and to cause the proper entries to be made upon the abstract were still insufficient to show compliance with the agreement. This is an extremely technical view of the situation. It is an insufficient excuse for failure to perform a plain agreement. In cases of specific performance a tender even is not necessary if the party seeking relief is able and offers to perform the agreement on his part and the other party repudiates it. (*Niquette v. Green,* 81 Kan. 569, 109 Pac. 178.) While the abstract did not show the discharge of the mortgages, a release was presented and an offer made to have the entry made upon the abstract at the plaintiff's expense. If the defendant in the exercise of caution desired to have the release pass the scrutiny of the abstracter and be actually entered upon it, he should at least have so stated. It must be remembered that this is an action for specific performance, governed by equitable considerations, and the plaintiff could complete his abstract in any reasonable time before the decree, no special injury appearing from the delay. (*Bell v. Sternberg,* 53 Kan. 571, 36 Pac. 1058; *Wiley v. Hellen,* 83 Kan. 544, 112 Pac. 158.) The petition stated a cause of action.

In the action against the bank it appears that the contract and check were placed in its custody. The check was so deposited as earnest money payable to the cement company. It is alleged in the petition that after the contract was approved by the company and became binding and effectual the plaintiff demanded the check, and that the demand was refused. The plaintiff claims that this amounted to a conversion.

The contract recites that the party of the second

part agrees to pay cash on delivery of a deed and abstract. As the payment of $500 was provided for by means of the check, the cash to be paid was the remaining $9500. Earnest money is money paid to bind the bargain. The idea is taken from the civil law, and the term is used in the English statute of frauds relating to contracts for the sales of personalty of over a certain value, which, to be enforceable, required the payment of something in earnest unless there was a written memorandum. (2.Bl. Com. 447, Vol. 1, Chitty, Bk. 2, p. 362; *Howe v. Hayward,* 108 Mass. 54; 3 Words & Phrases, p. 2302.)

As the contract, although signed by the agent, was to become operative only when approved by his principal, the check was not presently delivered but, was deposited with the contract in the bank. But having been given as earnest money it became payable when the contract went into effect. Otherwise it would not be earnest money at all, or an advance payment in any sense.

The only way in which the plaintiff could obtain the advance payment or earnest money was through possession of the check and its presentment for payment. This possession was denied and therefore a cause of action accrued.

If facts exist constituting a defense in either case they do not appear upon the petitions.

Both causes are remanded with directions to overrule the demurrer in each case.