No. 18,662.

C. W. BEELER, *Appellant*, v. J. E. SIMS, *Appellee*.

SYLLABUS BY THE COURT.

ABSTRACT OF TITLE—*Does Not Show Marketable Title—Not Cured by Affidavits.* An abstract of title discloses the following facts: The title was in W. on March 25, 1889, when he conveyed the land to H. On March 28, 1890, H. conveyed it to D., and D. conveyed it to P. on May 31, 1893. These three deeds were recorded on June 13, 1893. A judgment of foreclosure and sale upon a mortgage was rendered April 28, 1890, in an action commenced March 3, 1890, against W. and wife and a former owner of the land who had made the mortgage. A sheriff's deed was made to R. on April 7, 1891. The plaintiff holds title through mesne conveyances from R. No conveyance is shown from P., and neither H. nor D. were parties to the foreclosure. It is held: (1) That the abstract does not show a good merchantable title in the plaintiff, although affidavits are attached to it in which it is stated that no one had been in possession for the twenty years next before October 14, 1912, except R. and a tax-title holder; and although it also shows the issuance of the tax deed in August, 1893, and a conveyance of that title to the plaintiff, but does not set out the deed or its substance or any abstract or statement of the tax proceedings. (2) While incidental matters of intestacy, heirship and the satisfaction of claims against an estate not probated, may, in a proper case, as in *Van Gundy v. Shewey*, 90 Kan. 253, 133 Pac. 720, be shown by affidavits upon an abstract of title, yet where the abstract shows an

outstanding title in fee, the validity of which depends upon matters of fact concerning actual notice, possession and limitation, a purchaser ought not to be required to accept affidavits relating to such matters.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed March 7, 1914. Affirmed.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellant.

*A. C. Dyer,* and *A. L. Moffat,* both of Kinsley, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question to be determined is whether an abstract of title tendered by the plaintiff to the defendant showed a good merchantable title, as stipulated for in a contract between the parties for the exchange of real estate.

In a petition for specific performance the plaintiff alleged, among other things, that he had furnished such an abstract, and attached a copy. The district court sustained a demurrer to the petition and the plaintiff appeals.

The abstract being a part of the petition, its sufficiency was challenged by the demurrer.

The abstract shows that the title was in A. C. Wilcox on March 20, 1889, subject to two mortgages, one for $2000, and another for $100. On that day Wilcox and wife conveyed it to Logan Huntin. Huntin conveyed to Edrid Drew, March 28, 1890, and Drew conveyed it to Wesley L. Pieper, May 31, 1893. These three conveyances were made by warranty deeds, and all were recorded on June 13, 1893. No conveyance from Pieper was shown. The abstract also shows that a suit was commenced on March 3, 1890, to foreclose the $100 mortgage, above referred to, against Wilcox and wife and the mortgagors, through whom Wilcox had held the

title. A judgment for foreclosure and sale, subject to the $2000 mortgage, was rendered April 28, 1890, and a sale was made on December 15, 1890, as ordered, to Clint C. Rush, which was confirmed, and a sheriff's deed was made on April 7, 1891, which was recorded on July 30, 1892. On April 19, 1912, this title was vested in the plaintiff through several mesne conveyances. A tax deed purporting to convey this land was issued to B. C. Nields, recorded August 24, 1893. This tax title was also vested in the plaintiff through quitclaim deeds. The abstract does not otherwise state or refer to the tax deed. The tax proceedings are not stated or abstracted. The $2000 mortgage was paid by one of the grantors under whom the plaintiff claims title, and was released of record. Two affidavits were attached to the abstract, in each of which the affiant testified that he had been acquainted with the land for the past twenty years, and knew that no one had been in possession except Clint C. Rush and B. C. Nields, and their grantees under them, and that there had been no adverse possession to them or to their grantees.

It will be observed that according to the abstract the record shows the title to be in W. L. Pieper, holding under the conveyance from Wilcox to Huntin, subject to the mortgages and the tax title. The foreclosure suit was commenced and the sheriff's deed was made between the date of the Huntin deed and the date upon which it was recorded. So far as the record in the register's office disclosed the necessary parties were brought into the foreclosure. But a grantee under the Huntin deed may have been in possession, or Rush, the grantee, may have been otherwise chargeable with notice of that title. The validity of the outstanding Huntin title, as vested in Pieper, May 31, 1893, as against the plaintiff's title, depends upon notice, which may have been afforded by possession sufficient for that purpose. The affidavits relate only to the possession for the twenty years preceding October 14, 1912. Nothing

is said about possession before that period commenced, that is, before October 14, 1892, yet all the foreclosure proceedings were taken and the sheriff's deed made before that date. Was the plaintiff's title, as shown on this abstract, merchantable?

In a case involving similar facts the supreme court of Pennsylvania said:

"It is an invariable rule in chancery that a purchaser shall not be compelled to accept a doubtful title, or what in some of the cases is called an unmarketable title. And every title is doubtful which invites or exposes the party holding it to litigation. In the opinion of the court it may be good, but if its validity depends upon some facts resting in the knowledge of some party or writings not before the court; if there be a colour of an outstanding title which may prove substantial, though there is not enough in evidence to enable the chancellor to say that it is so, a purchaser will not be held to take it, and encounter the hazard of litigation with an adverse claimant." (*Speakman v. Forepaugh,* 44 Pa. St. 363, 371.)

In *McNutt v. Nellans,* 82 Kan. 424, 108 Pac. 834, it was held:

"Equity will not compel a purchaser under an executory contract for the sale of land to accept the title if doubtful or unmarketable.

"A title is doubtful if it exposes the party holding it to the hazard of litigation." (Syl. ¶¶ 1, 2.)

In the opinion it was said:

"In determining whether a title is so doubtful that equity will refuse to compel a purchaser to accept it the court is not required to pass upon the validity of the title itself; the parties whose possible claims may affect the title are not before the court, and no judgment which the court could render would bind them." (p. 428.)

Concerning a title depending on notice that might be shown outside of the record, it is said in section 294

of the second edition of Maupin on Marketable Title to Real Estate:

"As a general rule a purchaser can not be compelled to perform a contract when the vendor's title depends upon a question of notice of the rights of third parties."

An unrecorded deed is invalid "except between the parties thereto, and such as have actual notice thereof" (Gen. Stat. 1909, § 1672), but open and notorious possession is notice to all the world (*Gray v. Zellmer,* 66 Kan. 514, 72 Pac. 228). Nothing appears in the abstract negativing such possession by Huntin when the foreclosure suit was commenced, and there is nothing to indicate when the sheriff's grantee took possession or from whom, or the nature of that possession.

The outstanding title of Pieper may or may not be barred by adverse possession, depending upon the facts. If the defendant is compelled to take the title shown upon this abstract, he must necessarily take the risk of proving such adverse possession. It is true that two persons have stated in the most general terms facts from which, at some time not stated, possession adverse to the Pieper title might be inferred, but the examination of these and other witnesses who may be produced in another action to assert or overthrow the apparently outstanding title may result in a different conclusion. The abstract, giving full effect to all that is contained in the affidavits, does not show a merchantable title within the definitions heretofore given in cases in this state or in the authorities generally. We are inclined to hold, also, that this is not a case like *Van Gundy v. Shewey,* 90 Kan. 253, 133 Pac. 720, where incidental matters such as intestacy, heirship, and the satisfaction of claims against an estate not probated may be shown by affidavits upon an abstract of the title of a deceased owner. Here the abstract shows an outstanding title in fee in Pieper. Its validity depends upon matters of fact concerning notice, possession and periods of limitation. To require a purchaser to accept

affidavits upon such matters would impose too great a hazard and would be unjust. Whether Pieper is living or dead does not appear, and so another element of uncertainty arises, respecting heirship, minority, and the period of limitations.

Little was said in the argument about the tax title. The abstract shows that a tax deed was issued, and that the plaintiff has succeeded to the rights of the tax purchaser. Whether it was void or valid upon its face does not appear. If valid in that respect it may be void now for failure to take possession within the time allowed for that purpose by the statute. (*Andrew v. Reid,* ante, p. 135, 137, 136 Pac. 793.)

Cases are cited holding that when the record shows title clear in a party, and a purchaser has no notice of any outstanding equities or titles, he may, as a rule, safely purchase from such party, and the holder of the unrecorded title will be estopped as against a purchaser for value in good faith. This is undoubtedly true; courts do not favor secret liens, interests, or titles withheld from record where notice is not imparted by possession or otherwise. These rules would doubtless be applied if an action were brought to test the validity of the outstanding title. The question here, however, is whether the defendant should be required to assume the burden of such prospective litigation. It seems clear that he should not.

The judgment is affirmed.