No. 32,169

ALBERT W. MYRICK and G. M. MYRICK, *Appellees*, v. A. C. AUSTIN and EDWIN A. AUSTIN, *Appellants*.

(44 P. 2d 266)

Opinion filed May 4, 1935.

*Edwin A. Austin* and *John M. Williams*, both of Topeka, for the appellants.

*Irl H. Byler, H. Ward Page* and *Ira Burkholder*, all of Topeka, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action by the vendees to set aside a contract for the sale of real property, and for other proper equitable relief. The trial court made findings of fact and rendered judgment for plaintiffs. Defendants have appealed. The question presented is one of marketable title.

On June 1, 1929, A. C. Austin and husband as parties of the first part entered into a written agreement with Albert Myrick and wife by which they covenanted to sell and convey to second parties for $500 three certain lots on Michigan avenue and sixteen certain lots on Forest avenue in a certain addition, now a part of the city of Topeka, and upon their payment of the purchase price, and otherwise complying with the contract, to execute, acknowledge and deliver to them a deed of general warranty and furnish an abstract of title showing good title in first parties at the date of the contract, and free and clear of all encumbrances and lien by acts of first parties after the date of the contract. The $500 purchase price was to be paid according to the terms of two notes, of $250 each, executed by second parties and payable to A. C. Austin. The second parties were to retain possession of the premises (it appears they were then in possession under some previous arrangement with someone), and were to pay future taxes. If second parties made default in fulfilling the agreement they were to pay $19 per annum

as rent for the period of occupancy under the agreement. It further was stipulated that first parties were not to enforce during the life of the agreement a judgment previously obtained in a certain action in the district court of Shawnee county by A. C. Austin against the second parties, and upon the full performance of the agreement the first parties at their own expense would release such judgment of record.

In their petition in this action, filed November 17, 1933, plaintiffs set out this contract, alleged they executed the two notes mentioned therein, that they had paid $90 interest on the notes, $5 in taxes, and had made lasting improvements on the premises of the value of $50; that the notes, by their terms, had become due, and A. C. Austin had sued on them in the court of Topeka; that the written agreement could not be carried out because defendants did not have good title to the property, either at the time the written agreement was executed, or at the time this action was brought; that as to the three lots on Michigan avenue the title never had been in the name of either of the defendants, but stood in the name of one Norton, and that as to the sixteen lots on Forest avenue the title formerly stood in the name of A. C. Austin, but there was an outstanding tax title in one Steele, who was threatening legal action. Plaintiffs tendered the property back to defendants and prayed that the agreement be canceled, that defendants be enjoined from prosecuting the actions on the two notes in the court of Topeka, and that there be an accounting for money paid.

The answer denied the lack of marketable title, and alleged the tax deed to Steele was void and that such possession as Steele got under the tax deed was obtained in a way not to amount to legal possession.

Shortly stated, the court found: As to the three lots on Michigan avenue, that at the date of the agreement the title was in John F. Norton, but prior to that date he had executed a deed to the defendant A. C. Austin, which was recorded December 2, 1933; as to the sixteen lots on Forest avenue, A. C. Austin has been the record owner since 1914, but that on October 2, 1924, Shawnee county duly made and executed a tax deed for these lots to R. B. Steele, which deed was recorded the same day, and that the tax-deed holder obtained possession of the real property within two years and leased the same to Albert Myrick, and that on March 20, 1926, R. B.

Steele and wife deeded the property to Miriam Steele, which deed was recorded before the execution of the written agreement between the parties to this action, and that because of the tax deed and tax liens the title was unmarketable. Judgment was rendered in accord with these findings.

In this court appellants argue the validity of the tax deed issued to R. B. Steele and the legality of the possession which he acquired of the property. The trouble with attempting to determine those matters in this action is that neither R. B. Steele nor his grantee Miriam Steele is a party to this action. We could make no adjudication here with respect to their rights which would be binding on them.

In an action by appellants against the holder of the tax deed it is possible the result would be reached for which appellants now contend, but we do not determine that matter for the reason the holder of the tax deed is not in court. We suggest, however, even if the tax deed were set aside the holder probably would have a lien for taxes with interest; but even that question is not before us.

The question here is one of marketable title. This means such a title as is free from reasonable doubt in law and in fact; not merely a title valid in fact, but one which readily can be sold or mortgaged to a reasonably prudent purchaser or mortgagee; one acceptable to a reasonable purchaser, informed as to the facts and their legal meaning, willing to perform his contract, in the exercise of that prudence which business men usually bring to bear on such transactions; one under which a purchaser may have quiet and peaceful enjoyment of the property; one that is free from material defects, or grave doubts, and reasonably free from litigation. For a full discussion of the question, see 66 C. J. 862 *et seq.* Our own cases, *McNutt v. Nellans,* 82 Kan. 424, 108 Pac. 834; *Williams v. Bricker,* 83 Kan. 53, 109 Pac. 998; *Linscott v. Moseman,* 84 Kan. 541, 114 Pac. 1088; *Beeler v. Sims,* 91 Kan. 757, 139 Pac. 371; *Feldhut v. Brummitt,* 96 Kan. 127, 130, 150 Pac. 549, and *Newell v. McMillan,* 139 Kan. 94, 100, 30 P. 2d 126, are in harmony with the text and the many cases cited thereunder. (See, also, 27 R. C. L. 489 *et seq.* and cases collected in the annotation 57 A. L. R. 1253 and 90 A. L. R. 609.) Under these authorities the court correctly held the title to be unmarketable.

We find no error in the record. The judgment of the court below is affirmed.